UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BILLY JO LYNN HEMENWAY, | No. 09-35245 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-05634-RBL<br>Western District of Washington |
| v. | |
| STATE OF WASHINGTON and JEFF UTTECHT, | ORDER |
| Respondents - Appellees. | |

Before:    B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

The panel has voted to grant the petition for panel rehearing.

The memorandum disposition filed on August 2, 2010, is withdrawn. A replacement memorandum disposition will be filed concurrently with this order.

Appellant shall have 14 days from the date judgment is entered to file a petition for rehearing. *See* Fed. R. App. P. 40. If appellant files a petition for rehearing, the state may file an answer within 14 days thereafter, whereupon the matter shall be deemed submitted.

09-35245

FILED

NOV 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BILL JO LYNN HEMENWAY,

               Petitioner - Appellant,

   v.

STATE OF WASHINGTON and JEFF
UTTECHT,

               Respondents - Appellees.

No. 09-35245

D.C. No. 3:07-cv-05634-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted July 21, 2010 [**]

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

    Washington state prisoner Billy Jo Lynn Hemenway appeals from the

district court's judgment dismissing his 28 U.S.C. §2254 petition as untimely. We

have jurisdiction under 28 U.S.C. §2253(a), and we affirm.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Hemenway contends that he was entitled to equitable tolling of AEDPA's statute of limitations due to his dyslexia and illiteracy. This court reviews de novo a district court's order denying a habeas petition on statute of limitations grounds. *Randle v. Crawford*, 604 F.3d 1047, 1052 (9th Cir. 2010). The denial of an evidentiary hearing in connection with a claim of entitlement to equitable tolling is reviewed for abuse of discretion. *See Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006).

Excluding the time during which his state petitions were properly pending, *see* 28 U.S.C. §2244(d)(2), Hemenway's federal petition was filed more than a year beyond AEDPA's one-year statute of limitations. *See* 28 U.S.C. §2244(d)(1).

A litigant seeking equitable tolling of AEDPA's statute of limitations bears the burden of establishing his entitlement to such tolling. *Mendoza*, 449 F.3d at 1068. In this case, Hemenway has not shown that his literacy limitations caused his delay in filing his federal habeas petition. Indeed, he was able to file state and federal pleadings, and participate actively in his own representation both at his trial and on his direct appeal.

The district court did not abuse its discretion in denying Hemenway's request for an evidentiary hearing. *See Mendoza*, 449 F.3d at 1068.

**AFFIRMED**.

09-35245